## 10655

### ADGER v. KIRK *ET AL.*

#### (108 S. E. 97)

1. Wills—Prior Will Held Revoked by Subsequent Instrument.—
Where testatrix by will gave her husband power of appointment
over one-half of the corpus of a trust fund, the husband's last will,
which was executed in Tennessee with only two witnesses, is a
revocation of a Georgia will, attested by three witnesses, not only
generally but with respect to exercise of 'the power though testatrix'
will was executed in Alabama, where three witnesses are necessary.

2. Wills—Testamentary Power may be Exercised by Will in Ac-
cordance With Laws of Donee's Domicile.—Where testatrix gave
her husband power of appointment over one-half of the corpus of
the trust fund, consisting of personalty, the power of appointment
could be exercised by a will of the husband executed according to
the laws of his domicile, and it was not necessary where the laws
of the domicile required only two witnesses that the instrument
should be attested by three witnesses in accordance with the laws
of the state wherein the will of testatrix was executed.

3. Wills—Will Held an Exercise of a Power of Appointment.—
Where the will of testatrix gave her husband power of appoint-
ment by will over one-half of the corpus of the trust fund, the hus-
band's will stating that it was in the exercise of the power and
authority vested in him constitutes an exercise of the power of ap-
pointment.

4. Wills—In Proceeding for Construction of Will Giving Power of
Appointment Question of Debts of Donee Cannot be Raised.—In
a proceeding for the construction of a will giving a power of ap-
pointment, the question of the debts of the donee cannot be
raised.

5. Powers—Property Over Which Testator Has Power of Ap-
pointment Not Subject to Debts.—Where the will of .testator's
wife gave him power of appointment over one-half of a trust fund,
such fund is not subject to his debts.

Before Gary, J., Charleston, March, 1920. Affirmed.

Suit by John B. Adger, as administrator d. b. n., c. t. a.
of the estate of Mary L. F. Flinn, deceased, against Helen
Octavia Kirk and others. From a decree for plaintiff,
which sustained exceptions of the Presbyterian Church in

Note: On the question of revocation of will by subsequent will, and
revival of former by destruction of the latter, see note in 37 L. R. A.
561.

the United States to the report of the master, Helen Octavia
Kirk and Florence Olivia Waller appeal.

The following is the decree of the Court below:

This is an action instituted by John B. Adger, as adminis-
trator d. b. n., c. t. a. of the estate of Mary L. F. Flinn, de-
ceased, against Helen Octavia Kirk and others claiming an
interest under the said will.    He asks for the instruction of
the Court as to the proper interpretation of certain provis-
ions thereof.    The issues were referred to the master, who
held several references, took testimony, and made his report.
To this report exceptions are taken by the trustees of the
General Assembly of the Presbyterian Church in the United
States because, as they allege, the master erred in holding
as a matter of law that the exercise by Harvey W. Flinn of
the power of appointment in his will of 1908 was the only
proper exercise of his said power, and in not holding that
the power of appointment was properly exercised by his last
will, in 1916, which was properly executed and probated
under the laws of the State of Tennessee, where he resided.

J. Lindley Flinn, as executor of Harvey W. Flinn, also
excepts because the report fails to provide for the payment
of the debts of the said Harvey W. Flinn which are claimed
against the executor of the estate of the said Harvey W.
Flinn in the State of Tennessee.

As explanatory of the exceptions, it should be stated that
the will of Mary L. F. Flinn, the will of which an interpre-
tation is sought, was executed in the State of Alabama, in
Jefferson County, and contains this preamble: "I, Mary
L. F. Flinn, wife of the Rev. Harvey W. Flinn, of the city
of Bessemer and county and State aforesaid," etc.

After making certain bequests, the will directs that, as
to the remaining two-thirds of such rest, residue, and re-
mainder, "I will and direct that the same be invested by my
executors and the net income thereof paid to my husband,

Harvey W. Flinn, for the full term of his natural life, and upon his death I direct my executors to pay over one-half of the corpus of this trust fund to such persons or for such estate as my said husband by his last will shall direct." This will had three attesting witnesses and was admitted to probate in Charleston County, S. C.

In 1908 the said Harvey W. Flinn, then residing in the State of Georgia, executed his will. It had three attesting witnesses. The laws of Georgia required only two. In unmistakable language he undertook to exercise the power of appointment above referred to. This will was admitted to probate in Charleston, S. C.

In 1916 Harvey W. Flinn, residing in Tennessee, executed another will, expressly revoking all prior wills by him. made. It had two attesting witnesses. The laws of Tennessee required only two. It was admitted to probate in the State of Tennessee. This will contains this language: "Being of sound mind, in the exercise of the power and authority vested in me, do hereby make * * * hereby revoking any former will by me at any time made."

The trustees of the General Assembly of the Presbyterian Church in the United States were the beneficiaries under this last-attempted exercise of the power of appointment referred to.

The property that would go to the appointee under a valid exercise of the power is entirely personal property.

The questions that arise under the exceptions of the trustees of the General Assembly of the Presbyterian Church in the United States are:

(1) Was the will of Harvey W. Flinn made in Tennessee his last will?

(2) Did it revoke his former will, made in Georiga?

(3) Was it a valid exercise of the power conferred upon Harvey W. Flinn by the will of his wife made in Alabama?

Let us briefly consider the first question:

The master finds that "this Tennessee will, executed before two witnesses, conforming to the laws of that State, is recognized as controlling the disposition of personalty belonging to the testator, wheresoever situate. It is therefore both his 'last will' and his 'last valid will,' though not so recognized in reference to the power conferred under the will of Mary L. F. Flinn."

ᐧI agree with the master as to the first part of the proposition, to wit, that the Tennessee will was the "last will" and the "last valid will" of Harvey W. Flinn and disposed of his personal property wherever situated. The answer to the first question above stated is therefore in the affirmative. But I cannot agree with his conclusion that the Georgia will, though revoked in part, was not revoked in so far as it undertook to exercise the power of appointment.

It will not be questioned that the donor of the power had the right to prescribe the manner in which the appointment should be exercised. She has directed that her executors pay over the trust fund in question "to such person or for such estates as my said husband by last will shall direct." It would indeed present a legal anomaly to hold that the Georgia will had been revoked and yet may do what can only be done by testator's last will.

My conclusion is that the Georgia will was revoked not only in part, but in toto. There should therefore be an affirmative answer to the second question before stated.

Coming now to the third question, it may be said that the general rule is that, when a power of appointment is given, its execution is governed by the law of the domicile of the donee of the power. Especially is this true when the property affected is personal property. An apparent exception to this universal rule is presented by the case of *Blount v. Walker,* 28 S. C. 545, 6 S. E. 558. In this case our Court held as a conclusion of fact that the donor of the power had inferentially

directed that the exercise of the power of appointment
should be according to the laws of South Carolina, and
the Court respected the donor's directions.

A careful reading of this case discloses a set of circum-
stances very different from those in the case before us. The
principles announced in *Blount v. Walker* are not, therefore,
necessarily applicable here. In that case the original testa-
trix was a resident of South Carolina, and her will was
made in South Carolina. It deals with real estate in South
Carolina, and her will was probated in South Carolina,
and her estate was administered here. From these and
other circumstances a divided Court inferred that the inten-
tion of the donor was that the exercise of the power should
be accompanied by the formalities of a South Carolina will.
The original will provided that the appointment should be
by the donee's "last will and testament duly executed."

There were some other circumstances in *Blount v.
Walker* pointed out by Chief Justice McIver from which the
intention of the donor was inferred. I shall not stop to
recite them.

In the case before us the donor of the power was a resi-
dent of Alabama. Her will complied with the laws of both
South Carolina and Alabama. The property affected is
personal property.

We conclude that there are no circumstances surrounding
the will of Mrs. Mary L. F. Flinn from which the Court
must infer that her directions or intentions were that the
exercise of the power should be in accordance with the
South Carolina law. And we conclude that there is no
reason in this case to depart from the general rule that the
power should be exercised in accordance with the law of
the domicile of the donee of the power, if there is nothing
from which to infer a different direction on the part of the
donor.

It is claimed that the words of the Tennessee will do not constitute an exercise of the power of appointment but I cannot take this view of the matter. In view of the recently filed opinion of our Supreme Court in *Price v. Ouiga Realty Co.,* January 26, 1920. 113 S. C., 556; 101 S. E., 819, I am constrained to hold that to conclude that the language of the Tennessee will was not a proper exercise of the power of appointment would be taking a view that "is entirely too literal and technical." See the cases of *Bilderback v. Boyce,* 14 S. C. 528, *Moody v. Tedder,* 16 S. C. 557, and *Burkett v. Whittemore,* 36 S. C. 428, 15 S. E. 616.

There should, therefore, be an affirmative answer to the third question above stated.

The exceptions of the trustees of the General Assembly of the Presbyterian Church in the United States are, therefore, sustained and the report of the master is to that extent modified.

The exceptions filed by J. Lindley Flinn as executor of Harvey W. Flinn's will cannot be sustained for several reasons.

(1) It is the will of Mary L. F. Flinn that is before the Court for instruction.

(2) There is nothing in the record to show that there are creditors of Harvey W. Flinn who should be protected.

(3) The remainder over which Harvey W. Flinn is given the power of appointment is not a part of the estate of Harvey W. Flinn, but it passes under the will of the donor of the power. It could not, therefore, be held to respond to the debts of Harvey W. Flinn.

This is conclusively shown by the case of *Bilderback v. Boyce,* 14 S. C. at page 541. This exception is therefore overruled.

It is therefore ordered, adjudged, and decreed that the exceptions of the trustees of the General Assembly of the

Presbyterian Church in the United States be, and the same are hereby, sustained, and to that extent the report of the master is modified.

It is further ordered that exceptions interposed by J. Lindley Flinn as executor, etc., be, and the same are, overruled.

*Mr. Augustine T. Smythe,* for appellants, cites: *Will of Harvey W. Flinn executed in Georgia with three witnesses is only valid will under laws of S. C.*: 28 S. C. 545. *Revocation of former will*: 1 Civ. Code 1912, Sec. 3579. *Stock in manufacturing corporation of S. C. is realty*: 1 Civ. Code 1912, Sec. 2805; *and can only pass under a will valid in State where such property is situate*: 21 Cyc. 1135.

*Mr. Paul M. MacMillan,* for Trustees of the General Assembly of the Presbyterian Church, respondent, cites: *Law of the domicile of the donee of a power controls*: 34 Beav. 324; 64 Pa. St. 346; 132 Mass. 131. *Decision in* 28 S. C. 545, *was under facts of that case only. Intention to exercise power is apparent*: 113 S. C. 556, 101 S. E. 819. *Sec. 2805 1 Civ. Code 1912 passed after execution of the will does not apply*: 36 S. C. 434.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein assigned, the decree of his Honor the Circuit Judge is affirmed.